SOUTHWORTH, Appellant, *v.* RESING et al., Respondents.

On a rule to show cause why the arrest of a party ordered by the court on the allegation of fraud should not be vacated, the question of *fact* involved in it must be decided like any other fact, by the weight of evidence.

To entitle a party to the remedy of arrest, it is not necessary that he should show positively the commission of a fraud. It is sufficient if the circumstances detailed would induce a reasonable belief that a fraud was intended.

As a matter of practice, it is safest to award an arrest, even in cases of doubt, for the defendant is protected by his bond from abuse by the process; without which process the plaintiff may be remediless.

APPEAL from the Superior Court of San Francisco.

The plaintiff in this case on his affidavit procured an order for the arrest of the defendants. The affidavit alleged the purchase of goods by defendants of plaintiff, to the amount of $18,000, with intent to defraud plaintiff, and as evidence of the fraud, alleged sales of the same goods very shortly after the sale to defendants, at much less than the market rates, and one-third less than the defendants had agreed to pay for them. Defendants procured a rule to show cause why the arrest should not be vacated, and filed their affidavit, in which they denied the allegations of plaintiff, and the fraud, and produced the affidavits of several persons who purchased quantities of the goods of them, and who testified that the prices at which they bought were the fair market rates; the defendants also set forth in their affidavit a number of mercantile transactions, showing large operations, and set out at length a statement of the special transaction out of which the application for their arrest grew.

In answer to this rule, the plaintiff in his affidavit went into a more particular detail and explanation of the transaction, and accompanying circumstances, and produced the affidavits of several witnesses to sustain his statement and the particulars detailed. The court, on hearing the case thus presented, directed the order for the arrest of defendants to be vacated, and from this order plaintiff appealed. The statements in the affidavits

are long, and the opinion of the court turning on the weight of testimony, does not require their detail at length.

*Treadwell*, for appellant.

The defendants' affidavits are inadmissible to *directly* deny the cause of action or particular facts stated in the affidavit on which the order of court was granted, and are admissible only to explain and avoid the same by new matter. But if admissible, they do not deny or avoid the facts, &c., sufficiently, but are evasive: 2 East. 453; Tidd's Prac. 189; 7 Taunt. 341; 2 Wash. C. C. Rep. 198 and 462.

No brief for respondents on file.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

Upon examining the affidavits in this case, it appears that the salient points in the plaintiff's affidavit showing cause for the arrest, are sustained by the affidavits of others, who are disinterested witnesses, while they are controverted alone by the affidavit of the defendants.

In trying a motion of this kind, like any other fact, it must be decided by the weight of testimony. To entitle a party to the remedy of arrest, it is not necessary he should show positively the commission of a fraud. It is sufficient if the circumstances detailed will induce, in a reasonable mind, the belief that a fraud was intended to be perpetrated. And as a matter of practice, it is safest to award an arrest, even in cases of doubt, because the defendant is protected against the abuse of the process by the undertaking of the plaintiff, which the law requires to that effect, while on the other hand, frauds are proverbially concocted with so much artfulness and ingenuity as render them at all times difficult to be exposed; and when such a case actually exists, the plaintiff is remediless, without the process of arrest. A different rule would almost, if not certainly, destroy its efficiency as a legal remedy. Under the circumstances shown by the various affidavits in this case, I think the arrest ought to have been permitted to remain. The order vacating it is therefore reversed, and the cause remanded.